UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-625-F

| | |
|---|---|
| JACKIE BLUE, individually and<br>NATIONAL ALLIANCE FOR<br>ACCESSIBILITY, INC., a Florida not<br>for profit corporation,<br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED WAY OF CUMBERLAND<br>COUNTY, a domestic corporation,<br><br>　　　　　　　　　　　Defendant. | ORDER |

This matter is before the court on United Way's motion to dismiss [DE-15]. For the reasons that follow, the motion is DENIED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Jackie Blue ("Blue")[1] alleges that she is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. Blue suffers from multiple sclerosis and she is confined to a wheelchair. She resides within four miles of the United Way of Cumberland County ("United Way"), which is located in Fayetteville, N.C.

The United Way offers a variety of public community meetings. Blue alleges that she has visited these meetings in the past and intends to return for future meetings with approximately the same frequency. Blue further alleges that she has encountered a number of ADA violations at the property that prevent her from fully accessing and enjoying the property. The ADA

---

[1] Plaintiff National Alliance for Accessability has entered a stipulation of dismissal [DE-20].

violations Blue alleges that she personally encountered include: an inability to access certain portions of the restroom using her wheelchair, dangerous exposed pipes in the restroom, the inability to reach certain dispensers and transfer bars, and her inability to reach certain counters. Blue also states that she does not have an accessible path from the parking lot to the building.

## DISCUSSION

### A. Standing

United Way moves to dismiss Blue's claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12 states that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Rule 12(b)(1) challenges to the court's subject matter jurisdiction can take one of two forms: (1) an argument that the complaint's allegations, taken as true, do not support subject matter jurisdiction (a "facial challenge" to jurisdiction); or (2) an argument that the jurisdictional allegations in the complaint are not true. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Although United Way does not specify the form of its Rule 12(b)(1) argument, it is clear from its briefing that it launches a facial challenge to the court's jurisdiction. In such a case, the plaintiff is afforded "the same procedural protection as [s]he would receive under a Rule 12(b)(6) consideration." *Id.* at 192; *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). That is, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

United Way argues Blue lacks standing to bring this lawsuit under Article III of the United States Constitution, thus depriving the court of subject matter jurisdiction. Article III standing doctrine tests whether a plaintiff has "'such a personal stake in the outcome of the

controversy as to warrant [her] invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on her behalf.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Planned Parenthood of S.C. v. Rose*, 361 F.3d 786, 789 (4th Cir. 2004)). The plaintiff has the burden of demonstrating three elements to satisfy standing: (1) an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011). General allegations regarding injury are typically sufficient at the pleading stage because courts "presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 361.

United Way's arguments for dismissal based on lack of standing are foreclosed by the Fourth Circuit's decision in *Daniels v. Arcade, L.P.*, 477 F. App'x 125 (4th Cir. 2012). The facts of *Daniels* are virtually indistinguishable from the facts of this case. Finding the plaintiff had sufficiently alleged the injury in fact component of standing, the Fourth Circuit stated:

> Assuming that his allegations are true and construing all inferences in Daniels' favor, as we are required to do in this context, we observe that Daniels lives near the Market, had visited the Market before the filing of the amended complaint, and in fact "regularly visits" the Market. During these visits, Daniels alleges, he was subject to discrimination within the meaning of the ADA by the following purported structural deficiencies of the Market: inaccessible entry routes, inaccessible ramps, inaccessible restrooms, and other inaccessible amenities. These alleged structural deficiencies excluded Daniels from, or denied him the benefits of, the goods and services offered by the Market's vendors.
>
> Because he visited the Market and encountered these difficulties himself, Daniels' injury is "actual" and "concrete," rather than theoretical. Moreover, the injury is "particularized" because the injury affected Daniels "in a personal and individual way." *Lujan*, 504 U.S. at 561 n. 1, 112 S.Ct. 2130.

3

*Id.* at 129. This is precisely what Blue alleges in this case: that she has visited the United Way with some frequency in the past, that she lives near the United Way, and that she was subject to discrimination within the meaning of the ADA by inaccessible entry routes and inaccessible restrooms. No more is required to demonstrate injury in fact[2] at the pleading stage. *Id.* Of course, as explained above, if discovery reveals that some of these allegations are not true, United Way is free to renew their standing arguments. *See Kerns*, 585 F.3d at 192.

As United Way stresses, because Blue seeks injunctive relief, it is not sufficient for her to demonstrate only past injury. She must allege (and ultimately prove) a "real and immediate" threat that she will be injured again. *Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir. 1991); *Daniels*, 477 F. App'x at 129. In *Daniels*, the Fourth Circuit held that Daniels' allegation that he "intends to continue to visit the [Market] in the future for his shopping needs" was sufficient to establish a real and immediate threat of future harm. *Daniels*, 477 F. App'x at 130.

In this case, Blue alleges she has "visited the [United Way] and plans to return *to attend meetings offered to the public* . . . ." Compl. [DE-1] ¶ 6. The court does not perceive any difference between this allegation and the allegation in *Daniels* regarding his intent to return to the property "in the future for his shopping needs." Thus, the court concludes that the future harm component of standing is also satisfied in this case.

Finally, United Way argues that the court should not consider *Daniels* because it is unpublished. It is true that *Daniels* is not binding precedent in this circuit and that the Fourth

---

[2] United Way does not present any argument regarding the other two elements of standing: causation and redressability. The court's independent review of Blue's complaint did not uncover any defects in the causation or redressability components of the standing analysis.

4

Circuit "disfavors" citation to unpublished opinions. However, the court considers *Daniels* persuasive authority given the similarity of the facts alleged in *Daniels* and this case and the strength of the *Daniels* reasoning. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006) (explaining unpublished opinions are "entitled only to the weight they generate by the persuasiveness of their reasoning" (internal quotation marks omitted)).

**B. Motion to Dismiss**

United Way also moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). While the court accepts the well-pleaded factual allegations as true, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court does not accept as true the complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual development." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th cir. 2009).

United Way argues Blue's claims should be dismissed because the complaint contains a relatively lengthy list of purported ADA violations at the United Way without tying the alleged violations to Blue's visits to the property. The court agrees with United Way that those

5

allegations standing alone would not be sufficient to state a claim for relief because the allegations must be tied to the plaintiff in this case to state a claim for relief. However, as explained above, Blue has included allegations in the complaint specifically describing the barriers she encountered at the property, including inaccessible portions of the restroom, exposed pipes, an inaccessible path from the parking area to the building, inability to reach dispenses and transfer bars, and inability reach certain counters. Compl. [DE-1] ¶ 6.

United Way states that these allegations are a "veiled attempt to show injury to Plaintiff Blue that can easily be pierced by comparing the identified ADA violations to the alleged injury to Plaintiff Blue" and "when doing so, it is clear that several of the allegations [of ADA violations] cannot be attributed to Plaintiff Blue." United Way Reply Br. [DE-17] at 2-3. While this may be true of some of the alleged ADA violations, it is not true of all of them. For example, the ADA violations section of the complaint alleges "there are no accessible routes from the . . . parking areas[,]" Compl. [DE-1] ¶ 10(2), and Blue specifically alleges that there is no accessible path from the parking lot to the building. *Id.* ¶ 6. This is also true of the exposed pipes, transfer bars, and the inability to access portions of the restrooms. *Compare* Compl. [DE-1] ¶ 6 *with id.* ¶ 10. Accepting these allegations as true, as the court must, most of the alleged violations of the ADA appear to be sufficiently tied to Blue to survive a motion to dismiss.[3]

In sum, the court concludes that Blue has alleged sufficient facts to demonstrate standing and to survive a Rule 12(b)(6) motion to dismiss. Accordingly, United Way's motion to dismiss

---

[3] The court notes in this context that United Way does not request that the court dismiss certain alleged violations that appear to be implausible (e.g. the allegation that the urinals are not sufficiently accessible when Blue is presumably a woman). The court is denying the motion to dismiss with respect to the entire complaint and the parties can address this issue at a later stage in the proceedings or (preferably) work out a solution among themselves.

6

[DE-15] is DENIED. However, United Way is free to renew its standing arguments in a later motion if discovery reveals that Blue's allegations regarding her injury are untrue. *See Kerns*, 585 F.3d at 192.

## CONCLUSION

For the foregoing reasons, United Way's motion to dismiss [DE-15] is DENIED. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This the __19__ day of August, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge